# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| ROGELIO MUNOZ DITA, ) | |
| ) | |
| *Plaintiff*, ) | |
| v. ) | Case No. __24-cv-00266__ |
| ) | |
| DAYNAY SERVICES LLC. ) | |
| and NAYMI RODRIGUEZ AVILA, ) | |
| ) | |
| *Defendants.* ) | |

## AMENDED COMPLAINT

Plaintiff, Rogelio Munoz Dita ("Munoz") by and through his lead attorney, Daniel I. Schlade from Justicia Laboral LLC, complain against and Daynay Services LLC. ("DAYNAY") and Naymi Rodriguez Avila ("Rodriguez") (collectively "Defendants"). In support of this Amended Complaint, Plaintiffs' states:

## INTRODUCTION

1. This action seeks redress for Defendants willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as any related Florida state law claims, for Defendants failure to pay overtime wages owed and breach of contract.

## PARTIES

2. Plaintiff Munoz is currently a resident of North Fort Myers, Florida; and he

was employed by Defendants to work in DAYNAY in Fort Myers, Florida.

3. Defendant DAYNAY is a cleaning services and home remodeling construction business that is located, headquartered, and conducts business in North Fort Myers, Florida.

4. At all relevant time DAYNAY employed at least 10 employees, who worked with Plaintiff, and that were hired to work regularly and recurrently in the cleaning and remodeling business engaged in interstate commerce.

5. Defendant Rodriguez is the Owner, President and Supervisor of DAYNAY. On information and belief, Rodriguez is a resident of North Fort Myers, Florida.

6. Defendant Rodriguez is a competent person that is over 21 years old; and at all relevant times to this Complaint, she was in charge of DAYNAY's business and employees; including Plaintiff.

7. Defendants hired Plaintiff to work providing service to Defendants' costumers within Florida.

8. Defendants are "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and are liable under the FLSA under the enterprise coverage because 1) they have annual gross volume of sales made or business done of at least $500,000; 2) they are engaged in interstate commerce or in the production of goods for interstate commerce and

3) its employees, including Plaintiff, handled goods, including tools and construction materials, that had travelled in interstate commerce.

## JURISDICTION AND VENUE

9. The Court possesses subject matter jurisdiction over the FLSA claim(s) pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337; and supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367.

10. Venue is proper in the Middle District of Florida because all underlying facts and transactions occurred in or about North Fort Myers, Florida.

## FACTS COMMON TO ALL CLAIMS

11. DAYNAY is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately owned for-profit entity in the cleaning service and home remodeling construction industry.

12. Defendants DAYNAY is an "employer" as that term is used in the FLSA because it is a for-profit limited liability company that provides services in the construction industry and employs employees, which included Plaintiff.

13. Defendant Rodriguez is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) they were Plaintiffs head "bosses" at DAYNAY; (2) they had the power to hire and fire the employees, including Plaintiff; (3) they supervised and controlled Plaintiff work schedule and conditions of employment; (4) they determined the rate and method of payment for

employees; (5) they maintained employment records; (6) they controlled the finances of DAYNAY.

14. Plaintiff began working at Defendants in or before 2019, until March 25, 2023.

15. On a daily or near daily basis, Defendants required Plaintiff to perform work for DAYNAY, and also required him to handle tools and construction materials that had travelled in interstate commerce from out of state in Floridan.

## COUNT I: VIOLATION OF THE FLSA
### (Munoz v. Defendants)

16. Plaintiff reincorporates by reference Paragraphs 1 through 15, as if set forth in full herein for Paragraph 16.

17. At all times, Plaintiff held the same position with Defendants where he was a lead handy man laborer. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to serve customers for carpentry, plumbing, roofing, home remodeling tasks and to supervise Defendants' employees, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

18. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 77 hours per week.

19. Plaintiff was paid his wages on a weekly basis.

20. Plaintiff's wages for the hour worked for Defendants customers were not

based on the quality or efficiency of his performance.

21. Plaintiff's rate of pay was $114.00 per day, which resulted in an effective regular rate of pay of $10.36 per hour.

22. Throughout the course of Plaintiff's employment with Defendants, Defendant regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

23. Defendants did not pay Plaintiff the one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

24. Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

25. Attached hereto as Exhibit A and incorporated herein by reference is a spreadsheet detailing the approximate dates and hours worked by Plaintiff for Defendants.

26. Plaintiff is entitled to recover unpaid wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $19,932.64 in unpaid overtime wages; (ii) liquidated damages of $19,932.64 and (iii) Plaintiff's attorney's fees and costs, to be

determined. A calculation of Plaintiff's damages is attached as Exhibit A.

**WHEREFORE**, Plaintiff Rogelio Munoz Dita, respectfully requests that the Court enter a judgment in his favor and against Defendants Daynay Services LLC. and Naymi Rodriguez Avila, jointly and severally, for:

A. A declaration that Defendants violated the FLSA;

B. The amount of unpaid overtime wages for the relevant time worked by Plaintiff, totaling at least $19,932.64;

C. An award liquidated damages in an amount equal to at least $19,932.64;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

/s/   Daniel I. Schlade

**Justicia Laboral LLC**
**Daniel I. Schlade**
Florida Bar No. 1034991
*Attorney for Plaintiffs*
6232 N. Pulaski Road, Suite 300
Chicago, IL 60646
P: 773-550-3775
E: dschlade@justicialaboral.com

**PLAINTIFFS DEMAND TRIAL BY JURY**

## Certificate of Service

I, Daniel I. Schlade, certify that on May 29, 2024, I served the foregoing Amended Complaint on the below by filing same with the Pacer electronic filing system:

Michael L. Elkins:    melkins@mlelawfirm.com, elkinslaw@yahoo.com

Joshua Michael Entin:    josh@entinlaw.com, laurac@entinlaw.com


s/Daniel I. Schlade